IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

| | |
|---|---|
| 1199SEIU NATIONAL BENEFIT FUND, 1199SEIU GREATER NEW YORK BENEFIT FUND, 1199SEIU NATIONAL BENEFIT FUND FOR HOME CARE WORKERS, AND 1199SEIU LICENSED PRACTICAL NURSES WELFARE FUND, on behalf of itself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. and BOEHRINGER INGELHEIM INTERNATIONAL GBMH, <br><br> Defendants. | Case No. 3:24-cv-00783-AWT <br><br><br><br><br><br><br><br><br><br><br><br> July 16, 2024 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE**

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 6 |
| | A. Jurisdiction and Venue Requirements Are Satisfied in Massachusetts | 6 |
| | B. The First-Filed Rule Applies and Supports Transfer to Massachusetts | 7 |
| | C. In the Alternative, the Court Should Enter a Stay | 13 |
| V. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alden Corp. v. Eazypower Corp.*,
   294 F. Supp. 2d 233 (D. Conn. 2003)..................................................................5, 7, 8, 10

*Burke v. Bimbo Bakeries USA, Inc.*,
   2019 WL 6068038 (N.D.N.Y. Nov. 15, 2019) ........................................................................9

*Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA*,
   720 F. Supp. 2d 213 (E.D.N.Y. 2010) ..................................................................................11

*Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*,
   522 F.3d 271 (2d Cir. 2008)....................................................................................................2

*First City Nat. Bank & Tr. Co. v. Simmons*,
   878 F.2d 76 (2d Cir. 1989)................................................................................................5, 11

*Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*,
   2022 WL 118257 (S.D.N.Y. Jan. 12, 2022) .............................................................5, 8, 10, 11

*Goggins v. All. Cap. Mgmt., L.P.*,
   279 F. Supp. 2d 228 (S.D.N.Y. 2003) .............................................................................11, 12

*GT Plus, Ltd. v. Ja-Ru, Inc.*,
   41 F. Supp. 2d 421 (S.D.N.Y. 1998) .......................................................................................5

*Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc.*,
   2021 WL 7543607 (E.D.N.Y. May 21, 2021) ................................................................11, 12

*Intema Ltd. v. NTD Lab'ys, Inc.*,
   654 F. Supp. 2d 133 (E.D.N.Y. 2009) ..................................................................................13

*Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corp.*,
   46 F.2d 623 (1st Cir. 1931).....................................................................................................7

*Massachusetts Laborers' Health & Welfare Fund v. Boehringer Ingelheim
   Pharmaceuticals, Inc. et al.*,
   No.1:24-cv-10565-DJC (D. Mass.)......................................................................................1, 2

*Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*,
   804 F.2d 16 (2d Cir. 1986)......................................................................................................5

*N.L.R.B. v. PNC Bank, N.A.*,
   2021 WL 6502553 (D. Conn. June 23, 2021).........................................................................6

*In re New Motor Vehicles Canadian Export*,
   307 F. Supp. 2d 145 (D. Maine 2004) ....................................................................................6

*Oleg Cassini, Inc. v. Serta, Inc.*,
    2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ................................................................7, 9, 10

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
    303 F. Supp. 2d 391 (S.D.N.Y. 2004) ......................................................................................6

*Regions Bank v. Wieder & Mastroianni, P.C.*,
    170 F. Supp. 2d 436 (S.D.N.Y. 2001) ....................................................................................14

*Spotless Enterprises Inc. v. The Accessory Corp.*,
    415 F. Supp. 2d 203 (E.D.N.Y. 2006) .....................................................................................7

*In re Warrick*,
    70 F.3d 736 (2d Cir. 1995) ....................................................................................................13

*William Gluckin & Co. v. Int'l Playtex Corp.*,
    407 F.2d 177 (2d Cir. 1969) ....................................................................................................5

*Williams v. City of New York*,
    2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) ..........................................................................11

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2012) ..............................................................8, 10, 12, 13, 14

*Wyndham Assocs. v. Bintliff*,
    398 F.2d 614 (2d Cir. 1968) ..................................................................................................12

**Statutes**

15 U.S.C. § 22 ..................................................................................................................................7

Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer Pharmaceuticals") and Boehringer Ingelheim International GBMH ("Boehringer International") (collectively, "Defendants"), by and through their counsel, hereby move this Court for an order transferring the above-captioned action to the United States District Court for the District of Massachusetts under the first-to-file rule or, in the alternative, staying this Action until the first-filed action in Massachusetts is resolved. Transfer or a stay is warranted because a virtually identical case was first-filed and is currently pending in the District of Massachusetts, and allowing this case to proceed in a separate forum would waste judicial and party resources and raise the risk of inconsistent rulings.

## I.    INTRODUCTION

On March 6, 2024, an employee benefit plan brought a putative class action against Defendants in the District of Massachusetts. The Massachusetts plaintiff alleged that Defendants—life science companies that manufacture a variety of innovative pharmaceuticals—had suppressed competition for two inhaler drugs (known as Combivent Respimat and Spiriva Respimat) by wrongfully listing patents covering those drugs in the "Orange Book" (a drug patent compendium maintained by the FDA) and by filing "sham" patent litigation against a potential generic competitor, Anobri Pharmaceuticals US, LLC ("Anobri"). *See Massachusetts Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No.1:24-cv-10565-DJC (D. Mass.) ("Massachusetts Suit"). The Massachusetts plaintiff seeks to represent a class of individuals and companies who allegedly overpaid for Combivent Respimat and Spiriva Respimat.

On April 29, 2024, nearly two months after the Massachusetts Suit was filed, Plaintiffs brought *this* putative class action in this Court, *also* alleging that Defendants had suppressed competition for Combivent Respimat and Spiriva Respimat by wrongfully listing patents covering

those drugs in the "Orange Book" and filing "sham" patent litigation against Anobri. Just like the Massachusetts plaintiff, Plaintiffs here seek to represent a class of individuals and companies who allegedly overpaid for Combivent Respimat and Spiriva Respimat.[1]

Plaintiffs' copycat suit should be transferred to the District of Massachusetts or stayed while the first-filed Massachusetts Suit is resolved. Plaintiffs' complaint mirrors the first-filed case, alleging the same theories of improper Orange Book listing and sham litigation regarding the same pharmaceuticals—Combivent Respimat and Spiriva Respimat—against the same defendants. Under the first-filed rule, where the claims of a later-filed action substantially overlap with the claims of a case already pending in another district, "the [venue of the] first suit should have priority." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008). It would be needlessly burdensome and wasteful, and offend principles of judicial economy, for two cases raising the same issues, on behalf of the same putative class, to proceed on parallel tracks in different districts, and this Court should apply the first-filed rule to transfer this case to Massachusetts where it can be decided alongside the first-filed suit. In the alternative, if this Court denies the transfer, Defendants request that the Court stay this action pending final resolution of the Massachusetts Suit.

## II. BACKGROUND

On March 6, 2024, the Massachusetts Laborers' Health and Welfare Fund filed a putative class-action suit against Defendants in the District of Massachusetts, alleging various antitrust and consumer protection claims under both federal and state law. Compl., *Massachusetts Laborers' Health & Welfare Fund v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 1:24-cv-10565-

---

[1] These allegations are based on incorrect propositions of law and do not state a claim, as Defendants will demonstrate in dispositive briefing.

DJC, at ECF No. 1.[2]  Almost two months later, on April 29, 2024, Plaintiffs filed the instant suit alleging essentially identical claims.  ECF No. 1.  Both complaints claim that Defendants improperly listed the same patents for Combivent Respimat and Spiriva Respimat in the Orange Book and that Defendants engaged in sham litigation when they filed patent suits against Anobri to allegedly prevent it from entering the market with generic versions of those pharmaceuticals.  *Compare* Ex. A (Mass. Amd. Compl.) ¶¶ 584-588, 605-635, *with* ECF No. 1 ¶¶ 109-138.  Further, both complaints aver that Defendants repackaged their old Combivent drug into a new Combivent Respimat inhaler device over a decade ago (in 2010) and then used the patents on the new product to block generic competition.  *Compare* Ex. A (Mass. Amd. Compl.) ¶¶ 174-185, *with* ECF No. 1 ¶¶ 109-121.[3]  And both complaints seek the same types of relief.  *Compare* Ex. A (Mass. Amd. Compl.) pp. 233-34, *with* ECF No. 1 ¶¶ 346-351.

The plaintiffs in both complaints bring their claims on behalf of essentially the same putative classes, which the complaints define as indirect purchasers (i.e., purchasers who did not buy from Defendants) of Combivent Respimat and Spiriva Respimat (and any generic equivalents), for practically identical time periods.  The Massachusetts plaintiff brings its suit on behalf of itself and a putative indirect purchaser class—i.e., a class of all persons or entities who purchased or paid for Combivent Respimat, Spiriva Respimat, or "AB-rated generic equivalents" of those drugs from a source other than Defendants or any manufacturer of the AB-rated generic equivalents, during a time period between February 23, 2020 (for Combivent) or August 24, 2020

---

[2] A first amended complaint was filed on May 9, 2024, adding additional state law claims in Massachusetts.  Ex. A (Mass. Amd. Compl.) ¶¶ 709, 725, 737, 748, 754, 759, 764, 775, 791, 803, 814, 820, 825, 830.
[3] Given that such alleged conduct occurred almost 15 years ago, the Massachusetts Suit includes these allegations as background, while the complaint here relies on them to try to state a separate claim.

(for Spiriva) and the date on which the alleged conduct ceases. Ex. A (Mass. Amd. Compl.) ¶¶ 688-689. Plaintiffs here bring their suit on behalf of an almost identical indirect purchaser class—i.e., a class of persons or entities who "indirectly purchased" Combivent Respimat, Spiriva Respimat, and/or generic versions of the same between February 23, 2020 (for Combivent) or August 23, 2020 (for Spiriva) and the present. ECF No. 1 ¶¶ 139-143. Notably, the named Plaintiffs in this case are putative class members in the Massachusetts Suit—because Plaintiffs allege they purchased Combivent Respimat and Spiriva Respimat "indirectly" (i.e., from a source other than Defendants) during the class period. ECF No. 1 ¶ 16, 139-140, 142-143.

The only arguable difference between the Massachusetts Suit and Plaintiffs' complaint here is that Plaintiffs have asserted a "product-hopping" claim—alleging that Defendants repackaged their old Combivent drug into a new Combivent Respimat inhaler device and then used the patents on the new product to block generic competition (through the alleged Orange Book listing scheme and sham litigation that is the subject of the overlapping claims). ECF No. 1 ¶¶ 75-77, 106-108. These allegations of "product hopping" are discussed in only six paragraphs of Plaintiffs' 345-paragraph complaint (*see id.*), and not mentioned at all in the complaint's introduction. Aside from those six paragraphs, the balance of Plaintiffs' complaint—composed of hundreds of paragraphs of allegations—is dedicated to the Orange Book listing and sham litigation claims that are also alleged in the Massachusetts complaint. As explained below, Plaintiffs' perfunctory addition of a single cause of action based on allegations of conduct that occurred in 2010 and that are also included in the Massachusetts Suit (though not as a separate cause of action) does not defeat application of the first-filed rule.

### III. LEGAL STANDARD

The first-filed rule is a "well-settled" change of venue principle that creates a presumption

that a suit should be transferred, stayed, or dismissed when it is duplicative of an earlier-filed suit: "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience … or … special circumstances … giving priority to the second." *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)); *see also Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003) ("There is generally a strong presumption in favor of [the venue of] the first-filed suit"). The first-filed rule applies when (1) the forum for the first-filed suit has jurisdiction and venue over the parties to the later suit, *see First City*, 878 F.2d at 80, and (2) the "essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit," *Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*, 2022 WL 118257, at *5 (S.D.N.Y. Jan. 12, 2022).

When a party has shown that the first-filed rule applies, it is the non-movant's burden to "rebut it by submitting proof of the desirability of proceeding in the forum of the second-filed action." *Fit & Fun Playscapes*, 2022 WL 118257, at *3; *see also GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) ("The party asserting exceptions to the first-filed rule bears the burden to show that equitable considerations recommend the later action … and must overcome the strong presumption in favor of the forum of the first-filed suit."). When assessing whether the non-movant has satisfied its burden, "[t]he general rule in [the Second] Circuit is that, as a principle of sound judicial administration, the first suit should have priority, absent the showing of balance of convenience in favor of the second action or unless there are special circumstances which justify giving priority to the second." *Alden Corp.*, 294 F. Supp. 2d at 235 (citing *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969)).

## IV. ARGUMENT

This action is essentially identical to a lawsuit filed two months earlier in the District of Massachusetts—with overlapping parties, claims, putative classes, and relief sought. The first-filed rule's "strong presumption" in favor of venue of the first-filed suit therefore supports transfer of this action to the District of Massachusetts. If these suits proceed in separate districts, two different federal courts will be required to analyze and rule on identical putative class-action claims, potentially preside over duplicative discovery disputes, evaluate and resolve dispositive motions, and ultimately oversee indistinguishable trials (assuming the claims survive dispositive motions). Granting a transfer and ensuring these suits proceed in the same District will serve the interests of judicial economy and administration, avoiding the duplication of efforts by two busy federal district courts and the risk of inconsistent results.

### A. Jurisdiction and Venue Requirements Are Satisfied in Massachusetts

As an initial matter, a transfer to Massachusetts is permissible because the Massachusetts district court "may exercise jurisdiction over the parties and satisfies venue requirements." *N.L.R.B. v. PNC Bank, N.A.*, 2021 WL 6502553, *11 (D. Conn. June 23, 2021). Because this analysis asks whether the action could have been brought in the District of Massachusetts, the law that the District of Massachusetts would apply—i.e., the law of the First Circuit—controls the jurisdiction and venue inquiry. *See, e.g.*, *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401-02 (S.D.N.Y. 2004) (applying Third Circuit law when determining if action could have been brought in E.D. Pennsylvania).

Pursuant to the Clayton Act (15 U.S.C. § 22), personal jurisdiction is appropriate in any district in the United States, so long as Defendants have minimum contacts with the United States generally. *See In re New Motor Vehicles Canadian Export*, 307 F. Supp. 2d 145, 149 (D. Maine 2004) (to establish personal jurisdiction under the Clayton Act, "the analysis is whether a particular

defendant has sufficient contacts with the United States as a whole to justify the assertion of federal court jurisdiction over it."); ECF No. 1 ¶ 315. Plaintiffs' allegation that jurisdiction is appropriate in Connecticut thus applies equally to Massachusetts. *See* ECF No. 1 ¶ 21.

Under the Clayton Act, venue is appropriate in any district where the defendant "transacts business." 15 U.S.C. § 22; *Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corp.*, 46 F.2d 623, 624 (1st Cir. 1931) (venue is appropriate in any district under the Clayton Act where "in the ordinary and usual sense, [the defendant] 'transacts business' therein of any substantial character").[4] Venue is therefore appropriate in Massachusetts where, according to Plaintiffs' allegations, Defendants transact business. *See* ECF No. 1 ¶¶ 224, 256.

### B. The First-Filed Rule Applies and Supports Transfer to Massachusetts

Because Plaintiffs' complaint is a copycat of the earlier-filed Massachusetts Suit, the first-filed rule applies, and a transfer is presumptively appropriate. And no exceptions to the first-filed rule's presumption of transfer apply here.

**1. Plaintiffs' case is virtually identical to the first-filed suit.** The first-filed rule applies where two cases arise from the same "nucleus" of facts and have substantially similar claims and parties. *Alden Corp v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235-36 (D. Conn. 2003); *see also Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006). "[T]he issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests." *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012); *see also Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) ("[T]he Second Circuit plainly does not require the first-filed action

---

[4] To the extent the Court finds that the District of Massachusetts does not have personal jurisdiction over Defendants or is not the proper venue, Defendants reserve the right to challenge Plaintiffs' allegation that the District of Connecticut has personal jurisdiction over Boehringer International and is the proper venue for Plaintiffs' claims.

and the subsequent action to consist of identical parties."). The rule applies when the "essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*, 2022 WL 118257, at *5 (S.D.N.Y. Jan. 12, 2022). This requirement is met here.

As explained above, this action and the Massachusetts Suit stem from the same nucleus of facts and alleged wrongdoing. *See supra* § 2; *Alden Corp.*, 294 F. Supp. 2d at 236 (transferring a case containing additional state law claim under the first-filed rule when the "claims all arise from the nucleus of [the defendant's] alleged infringement."). Both complaints claim that Defendants allegedly improperly listed patents related to Spiriva Respimat and Combivent Respimat in the Orange Book and that Defendants improperly engaged in sham litigation against a generic manufacturer, Anobri, in order to delay generic competition—to the detriment of plaintiffs. ECF No. 1 ¶¶ 109-138; Ex. A (Mass. Amd. Compl.) ¶¶ 191-588, ¶¶ 605-635.

Moreover, not only do both suits allege the improper listing of the **same** patents (*compare* Ex. A (Mass. Amd. Compl.) Appendix A & B, *with* ECF No. 1 ¶¶ 111-112) and challenge the **same** supposedly "sham" lawsuits (*compare* Ex. A (Mass. Amd. Compl.) ¶¶ 605-635, *with* ECF No. 1 ¶¶ 130-138), they also both allege claims for injunctive relief under the **same** federal statute (Sherman Act § 2) (*compare* Ex. A (Mass. Amd. Compl.) ¶¶ 833-836, *with* ECF No. 1 ¶¶ 196-201) and the **same** state law claims, including state antitrust laws covering monopolization and attempted monopolization (*compare* Ex. A (Mass. Amd. Compl.) ¶¶ 709, 725, 737, 748, 754, 759, 764, 775, 791, 803, 814, 820, 825, 830, *with* ECF No. 1 p. 82 n.178) and state consumer protection laws (*compare* Ex. A (Mass. Amd. Compl.) ¶¶ 709, 725, 737, 748, 754, 759, 764, 775, 791, 803, 814, 820, 825, 830, *with* ECF No. 1 p. 109 n.186). Specifically, the two suits bring state antitrust

claims under 27 of the same state antitrust laws—with both complaints bringing claims under the laws of Connecticut as well as Massachusetts—only differing as to the inclusion of Tennessee in this suit and Montana in the Massachusetts Suit. Likewise, the consumer protection claims are brought under 23 of the same state laws. Thus, the claims in both suits are substantially similar and arise from the same alleged wrongdoing.

Further, while the parties are not entirely identical, with different named plaintiffs appearing in the Connecticut and Massachusetts actions, both sets of plaintiffs "represent the same interests." *Oleg Cassini*, 2012 WL 844284, at *3. Both sets of plaintiffs purport to represent nearly identical nationwide classes, which their complaints define as indirect purchasers of Spiriva Respimat and Combivent Respimat (and their generic equivalents), and assert claims exclusively against Defendants. *See supra* § 2; ECF No. 1 ¶¶ 139-143; Ex. A (Mass. Amd. Compl.) ¶¶ 688-689. Indeed, Plaintiffs here are members of the putative class in the Massachusetts Suit which includes "all persons or entities … who purchased or paid for Combivent Respimat, and/or AB-rated generic equivalents of Combivent Respimat" and "all persons or entities … who purchased or paid for Spiriva Respimat and/or AB-rated generic equivalents of Spiriva Respimat." Ex. A (Mass. Amd. Compl.) ¶¶ 688-689. Courts regularly apply the first-filed rule in cases involving different parties when, "in practice, either lawsuit will resolve those parties' interests," and that is the case here because both sets of plaintiffs are members of overlapping classes and bring largely identical claims. *Oleg Cassini*, 2012 WL 844284, at *4; *Burke v. Bimbo Bakeries USA, Inc.*, 2019 WL 6068038, at *2 (N.D.N.Y. Nov. 15, 2019) (applying first-filed rule to putative class actions brought by different plaintiffs when "the classes sought to be represented in the two cases are substantially similar"); *Wyler-Wittenberg*, 899 F. Supp. 2d. at 244-45 (concluding that first-filed rule applied even when there was no overlap between the plaintiffs in the two suits because they

were "similar enough," as both were either loan officers or employees of the defendant, and they could choose to opt-in to the collective class).

Although Plaintiffs in this action have tried to differentiate themselves from the Massachusetts Suit by adding a perfunctory "product hopping" claim—based on allegations that were also included in the Massachusetts Suit, albeit as background—the inclusion of this additional claim does not change the applicability of the first-filed rule. *See* ECF No. 1 ¶¶ 106-108. The rule does not require perfect parity between the two suits; rather, the question is whether "the claims and relief sought … have significant overlap." *Wyler-Wittenberg*, 899 F. Supp. 2d at 246 (applying first-filed rule even when earlier suit omitted certain claims because there was "substantial overlap"); *Alden Corp.*, 294 F. Supp. 2d at 237 (applying first-filed rule even where second suit contained new allegations regarding product packaging because the suits were "substantially related"); *see also Oleg Cassini*, 2012 WL 844284, at *3 ("the issues need not be identical"). Applying the first-filed rule thus "does not require 'an absolute identity of factual backgrounds … but only a logical relationship between them.'" *Fit & Fun Playscapes*, 2022 WL 118257, at *5.

Here, that "logical relationship" exists. Both the Massachusetts Suit and this one allege that Defendants engaged in conduct to overcharge payors for Defendants' Combivent Respimat and Spiriva Respimat products, including by delaying Anobri's generic entry by listing patents in the Orange Book that purportedly should not have been listed and bringing "sham" patent suits against Anobri. *Supra* § 2. The product-hopping allegations in this action—which essentially mirror background allegations in the Massachusetts Suit—merely add-on to the claims that Defendants wrongfully asserted patent protection for Combivent Respimat. The proper scope of Defendants' patent protection for Combivent Respimat and its marketing and sales of the drug are

already at issue in the Massachusetts Suit, and the "essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Fit & Fun Playscapes*, 2022 WL 118257, at *5.

**2. Principles of judicial economy support transfer.** In considering whether to transfer a case under the first-filed rule, concerns related to judicial efficiency are of prime importance. This accords with the purpose of the rule: "The first to file rule embodies considerations of judicial administration and conservation of resources." *First City Nat. Bank v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). Thus, "courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy." *Williams v. City of New York*, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006). In fact, the question of judicial economy can be "decisive." *Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA*, 720 F. Supp. 2d 213, 219 (E.D.N.Y. 2010); *see also Goggins v. All. Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228, 235 (S.D.N.Y. 2003) (transferring later-filed related action after finding "[c]oncerns over judicial efficiency outweigh all other factors in this case").

Transferring the instant action to the District of Massachusetts would allow for the same facts and claims to be litigated and, if necessary, tried once as opposed to twice in parallel, thus preventing the risk of inconsistent results, avoiding duplicative discovery, and promoting judicial economy. *Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc.*, 2021 WL 7543607, at *6 (E.D.N.Y. May 21, 2021) (transferring venue because "having two judges deciding the same issue poses an obvious risk of inconsistent judgments, not to mention a waste of judicial resources," thus, "[j]udicial economy and the interests of consistency strongly favor a single judge deciding both actions"). Absent transfer, both this Court and the District of Massachusetts would need to address claims under the same federal statute and 50 overlapping state laws, as well as potentially address

class-certification questions. And, given the overlapping claims in both suits, Defendants would likely be producing the same documents, calling on the same witnesses, and arguing the same defenses in the two District Courts in parallel. Having two courts assess the same evidence to adjudicate nearly identical nationwide class action claims and rule on similar motion practice is exactly the "waste of judicial resources" and "duplication of judicial effort" courts seek to avoid by applying the first-filed rule to transfer a later-filed action in favor of the earlier one. *Iconic IP Holdings, L.L.C.*, 2021 WL 7543607, at *6; *Wyler-Wittenberg*, 899 F. Supp. 2d at 244-47.

That one Defendant, Boehringer Pharmaceuticals, is headquartered in Connecticut does not change the fact that judicial economy favors transfer to the venue of the first-filed action, Massachusetts. Indeed, other courts have granted transfer away from a defendant's home district to the first-filed venue due to concerns of judicial economy. *See Goggins*, 279 F. Supp. 2d at 233-34 (granting transfer where defendants "established the substantial overlap in the allegations made by the plaintiff[] here and the plaintiffs in the [first-filed] action," even though the second-filed state was the "center of gravity" and the primary place of business for "virtually all defendants and witnesses"); *see also Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) (transferring case away from the jurisdiction that would be able to compel the testimony of certain witnesses where "strong policy favoring the litigation of related claims in the same tribunal" outweighed that inconvenience).

Furthermore, there is no indication that witnesses available in this Court's jurisdiction would be unavailable in Massachusetts; nor is Connecticut the primary place of business for all defendants and witnesses, particularly since Defendant Boehringer International—which is the alleged holder of the patents at issue—is located in Germany. ECF No. 1 ¶18. Further, Plaintiffs are "among the largest labor-management funds in the country" with residence in "numerous

locations in the United States" (ECF No. 1 ¶16), and the only third party discussed at any length in the Complaint, Anobri, has its principal place of business in New Jersey.  Ex. B (*Boehringer Ingelheim Pharmaceuticals, Inc. et al. v. Anobri Pharmaceuticals US, LLC et al.*, No.2:23-cv-03530-CCC-LDW (D.N.J.) at ECF No. 22) pp. 4-5.  Thus, in light of considerations of judicial economy, the instant copycat suit should be transferred to Massachusetts where it can be litigated alongside the first-filed suit.

**3. No weight should be given to Plaintiffs' choice of forum.**  Finally, the first-filed rule eliminates any deference given to Plaintiffs' chosen forum.  *Wyler-Wittenberg*, 899 F. Supp. 2d at 249 (finding that the plaintiff's "choice of forum is not entitled to substantial weight" "because the 'first-filed' rule favors litigation in which the first suit is brought"); *Intema Ltd. v. NTD Lab'ys, Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) ("where the first-filed rule applies and there are significant overlapping factual issues between the two pending cases, the choice of forum factor favors the district of the first-filed action").  Plaintiffs' choice of forum also carries little weight when Plaintiffs have no connection to the forum.  *Intema Ltd.*, 654 F. Supp. 2d at 141 (holding that choice of forum factor favored first-filed suit when the second-filed plaintiff's choice of forum was not its principal place of business).  Plaintiffs are one of the "largest labor-management funds in the country" with ties to "numerous locations in the United States."  ECF No. 1 ¶ 16.  They appear to have no unique connection to Connecticut.  Likewise, "plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action." *In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995).  Thus, this factor favors transfer under the first-filed rule.

C. **In the Alternative, the Court Should Enter a Stay**

If the Court does not transfer this action, Defendants respectfully request that the Court stay this case pending final resolution of the Massachusetts Suit.

In deciding whether to stay, dismiss, or transfer an action under the first-filed rule, "[t]he Court should take whichever action it deems proper to avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." *Wyler-Wittenberg*, 899 F. Supp. 2d at 247. Here, in the event the Court declines to exercise its discretion to transfer the action, a stay would also accomplish all of those goals. The Massachusetts Suit is underway, with Defendants' motion to dismiss due approximately two months before the responsive pleading deadline in this case. *See* Ex. C (Massachusetts Suit ECF No. 31). As discussed above, given the duplicative nature of these two suits, the parties in the Massachusetts Suit will likely file the same types of motions and make similar arguments throughout the litigation—there is no need for two courts to review such motions and potentially conflict in their findings.

Accordingly, if the Court declines to transfer these proceedings, it should at the very least enter a stay. *See Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 440 (S.D.N.Y. 2001) (granting stay where staying the action would avoid "duplicat[ing] the work of the [first-filed] court").

## V.    CONCLUSION

Defendants respectfully request that the Court transfer this Action to the venue of the first-filed action, the United States District Court for the District of Massachusetts, to allow these essentially identical cases to be heard together. In the alternative, this Court should grant a stay in the instant case to avoid litigation of the same issues in parallel.

Dated: July 16, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: /s/ *Samuel Liversidge*
    Samuel Liversidge (*pro hac vice*)
    Gibson, Dunn & Crutcher LLP
    333 South Grand Avenue
    Los Angeles, CA 90071-3197
    Phone: (213) 229-7000
    Email: sliversidge@gibsondunn.com

    Caeli Higney (*pro hac vice*)
    Gibson, Dunn & Crutcher LLP
    One Embarcadero Center
    Suite 2600
    San Francisco, CA 94111-3715
    Phone: (415) 393-8200
    Email: chigney@gibsondunn.com

    Stephen Weissman (*pro hac vice*)
    Gibson, Dunn & Crutcher LLP
    1050 Connecticut Avenue, N.W.
    Washington, DC 20036-5306
    Phone: (202) 955-8678
    Email: sweissman@gibsondunn.com

    Patrick M. Fahey (CT 13862)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06103-1919
    Telephone: 860.251.5000
    Facsimile: 860.251.5219
    pfahey@goodwin.com


    *Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelehim International GmbH*