# EXHIBIT B

Eric I. Abraham (eabraham@hillwallack.com)
William P. Murtha (wmurtha@hillwallack.com)
**HILL WALLACK LLP**
21 Roszel Road
Princeton, NJ 08540
Telephone: (609) 924-0808
Facsimile: (609) 452-1888

Of Counsel:
Scott A. Cunning
Elizabeth M. Crompton
Yaou Ren
PARKER POE ADAMS & BERNSTEIN LLP
1400 K Street, Suite 1000
Washington, DC 20005

C. Kyle Musgrove
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower,
620 S. Tryon Street, Suite 800
Charlotte, NC 28202
(*pro hac vices* to be filed)

*Attorneys for Defendant*
*Anobri Pharmaceuticals US, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. and BOEHRINGER INGELHEIM INTERNATIONAL GMBH**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ANOBRI PHARMACEUTICALS US, LLC, NANCHANG ANOVENT PHARMACEUTICAL CO., LTD., and SHANGHAI ANOVENT PHARMACEUTICAL CO., LTD.,**<br><br>**Defendants.** | Case No. 2:23-cv-03530-CCC-MAH<br><br>Honorable Claire C. Cecchi, U.S.D.J.<br>Honorable Michael A. Hammer, U.S.M.J. |

## DEFENDANT ANOBRI PHARMACEUTICALS US, LLC'S AMENDED ANSWER

Defendant Anobri Pharmaceuticals US, LLC hereby responds to the Complaint for Patent

Infringement filed by Plaintiffs Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer

Ingelheim International GmbH (collectively, "Boehringer" or "Plaintiffs"), against Anobri

Pharmaceuticals US, LLC (formerly known as Anovent Pharmaceutical (U.S.), LLC) ("Anobri"),

Nanchang Anovent Pharmaceutical Co., Ltd. ("Nanchang Anovent"), and Shanghai Anovent

Pharmaceutical Co., Ltd. ("Shanghai Anovent") (collectively, "Defendants") as follows:

### RESPONSES TO ALLEGATIONS PERTAINING TO THE NATURE OF THE ACTION

1.     This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and in particular under 35 U.S.C §§ 271 (a–c and e), arises from Defendants' submission of Abbreviated New Drug Application (ANDA) No. 216581 to the United States Food and Drug Administration (FDA). Through this ANDA, Defendants seek approval to market a generic version of the pharmaceutical product SPIRIVA® Respimat® prior to the expiration of United States Patent Nos. 7,284,474 ("the '474 patent"), 7,896,264 ("the '264 patent"), 7,396,341 ("the '6,341 patent"), 9,027,967 ("the '967 patent"), 7,837,235 ("the '235 patent"), and 8,733,341 ("the '3,341 patent") (collectively, "the patents-in-suit"). Plaintiffs seek injunctive relief against infringement, attorneys' fees, and any other relief the Court deems just and proper.

**ANSWER:**

Anobri admits that the Complaint purports to assert an action for patent infringement

pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Anobri admits that it has

submitted ANDA No. 216581, seeking approval to market a tiotropium bromide inhalation spray,

2.5 mcg/actuation, (hereafter "Anobri's ANDA Product"), referring to reference listed drug

SPIRIVA® Respimat®, before the expiration of the '474, '264, '6,341, '967, '235, and '3,341

patents. Anobri admits that both Shanghai Anovent and Nanchang Anovent were involved in the

preparation of ANDA No. 216581.  Anobri denies infringement of any valid claim of the patents-

in-suit and that Plaintiffs are entitled to injunctive relief, attorneys' fees or any other relief prayed

for in this Complaint. Anobri denies the remaining allegations in Paragraph 1.

2.     This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and in particular under 35 U.S.C. § 271.

**ANSWER:**

Denied.

## **RESPONSES TO ALLEGATIONS PERTAINING TO THE PARTIES**

3.      Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

**ANSWER:**

Upon information and belief, Anobri admits that Boehringer Ingelheim Pharmaceuticals, Inc. has a place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877. Anobri is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.      Boehringer Ingelheim International GmbH is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

**ANSWER:**

Upon information and belief, Anobri admits that Boehringer Ingelheim International GmbH has a place of business at Binger Strasse 173, 55216 Ingelheim, Germany. Anobri is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies them.

5.      On information and belief, Shanghai Anovent Pharmaceutical Co., Ltd. is a corporation organized and existing under the laws of China, having a place of business at Room 1019, Yi Building, No. 555, Dongchuan Road, Minhang District, Shanghai, Shanghai 20000-0, China.

**ANSWER:**

The allegations of Paragraph 5 appear to be directed to Shanghai Anovent, and a response from Anobri is not required. To the extent Anobri is required to respond, Anobri admits that Shanghai Anovent is a corporation organized and existing under the laws of China, having a place of business at 3rd Floor, Block B, Building 3, No. 299 Kangwei Road, Kangqiao Town, Pudong District, Shanghai, 2000, P.R. China. Anobri denies the remaining allegations in Paragraph 5.

6.      On information and belief, NanChang Anovent Pharmaceutical Co., Ltd. is a corporation organized and existing under the laws of China, having a place of business at Building B1, Lianbo Science and Technology Park, No. 888, Jingka NanChang 330052.

**ANSWER:**

The allegations of Paragraph 6 appear to be directed to Nanchang Anovent, and a response from Anobri is not required. To the extent Anobri is required to respond, Anobri admits that Nanchang Anovent is a corporation organized and existing under the laws of China, having a place of business at Building B1, Lianbo Science and Technology Park, 888 Jingkai Avenue, Nanchang Economic and Technological Development District, NanChang City, 330013 Jiangxi Province, P.R. China. Anobri denies the remaining allegations in Paragraph 6.

7.      On information and belief, NanChang Anovent Pharmaceutical Co., Ltd. is a subsidiary of Shanghai Anovent Pharmaceutical Co., Ltd.

**ANSWER:**

The allegations of Paragraph 7 appear to be directed to Nanchang Anovent, and a response from Anobri is not required. To the extent Anobri is required to respond, Anobri admits that Nanchang Anovent is a subsidiary of Shanghai Anovent. To the extent there are additional allegations in Paragraph 7 not addressed by the foregoing, Anobri denies the remaining allegations in Paragraph 7.

8.      On information and belief, Anobri Pharmaceuticals US, LLC is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at One Gateway Center, Suite 2600, Newark, New Jersey 07102. On information and belief, Anobri Pharmaceuticals US, LLC (formerly known as Anovent Pharmaceutical (U.S.), LLC) amended its certificate of formation on July 23, 2021, to identify this address as the location of its principal office, and Anobri Pharmaceuticals US, LLC has since used this address in patent assignments recorded at the U.S. Patent and Trademark Office (USPTO), including as recently as June 13, 2023. Anobri Pharmaceuticals US, LLC also represented to the USPTO that it was incorporated in New Jersey, at this address, during the time that Defendants were developing the ANDA Product.

**ANSWER:**

Anobri admits that it is a limited liability company formed and existing under the laws of Delaware, having its principal place of business at One Gateway Center, Suite 2600, Newark, New Jersey, 07102.  Anobri admits that its original name was Anovent Pharmaceutical (U.S.), LLC. Anobri admits that its certificate of formation was amended on July 23, 2021, to add this address as its principal office and that Anobri has used this address in patent assignments recorded at the USPTO as recently as June 13, 2023.  Anobri admits that certain patent assignments filed with the USPTO inadvertently included incorrect corporate information and that corrective assignments have since been filed for Anobri's pending patent applications and issued patents. Anobri denies the remaining allegations in Paragraph 8.

9.     On information and belief, Anobri Pharmaceuticals US, LLC is a wholly owned subsidiary of NanChang Anovent Pharmaceutical Co., Ltd.

**ANSWER:**

Denied.

10.     On information and belief, Anobri Pharmaceuticals US, LLC amended its certificate of formation in Delaware on May 22, 2023, changing its name from Anovent Pharmaceutical (U.S.), LLC.

**ANSWER:**

Admitted.

11.     On information and belief, Anobri Pharmaceuticals US, LLC, in collaboration with NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd., prepared and submitted ANDA No. 216581 ("Defendants' ANDA"), and they continue to collaborate in seeking FDA approval of Defendants' ANDA.

**ANSWER:**

Anobri admits that it prepared and submitted ANDA No. 216581. Anobri also admits that both Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No.

216581.  Anobri admits that it is seeking FDA approval of ANDA No. 216581 and does not

presently know what collaboration may be needed from Shanghai Anovent and Nanchang

Anovent.  Anobri denies the remaining allegations in Paragraph 11.

12.    On information and belief, Defendants intend to commercially manufacture, market, offer for sale, and sell the product described in Defendants' ANDA (the "ANDA Product") throughout the United States, including in the State of New Jersey, in the event FDA approves Defendants' ANDA.

**ANSWER:**

Anobri admits that it will not commercially manufacture, market, offer for sale, and sell

the product described in ANDA No. 216581 without FDA approval, but FDA approval is not the

only condition upon which Anobri will commercially market its product.  Anobri will make a

decision on whether it will commercially market its product once the FDA approves its ANDA in

view of numerous factors, including the progress of this lawsuit. To the extent there are additional

allegations in Paragraph 12 not addressed by the foregoing, Anobri denies the remaining

allegations in Paragraph 12.

## RESPONSES TO ALLEGATIONS PERTAINING TO JURISDICTION AND VENUE

13.    This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the patents-in-suit. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201–02.

**ANSWER:**

Paragraph 13 contains conclusions of law for which no response is required. To the extent

a response is required, Anobri states that for the purposes of this civil action only, it does not

contest that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Anobri

admits that the Complaint purports to assert an action for patent infringement of the patents-in-suit

pursuant to the patent laws of the United States, including 35 U.S.C. § 271. Anobri denies the remaining allegations in Paragraph 13.

14.    On information and belief, this Court has personal jurisdiction over Anobri Pharmaceuticals US, LLC because it is a limited liability company with a principal place of business in New Jersey and is the agent of NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. On information and belief, Anobri Pharmaceuticals US, LLC is acting as the agent of NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. with respect to Defendants' ANDA.

**ANSWER:**

Paragraph 14 contains conclusions of law for which no response is required. To the extent a response is required, Anobri states that for the purposes of this civil action only, it does not contest personal jurisdiction, but denies that this Court has jurisdiction over Shanghai Anovent and Nanchang Anovent. Anobri admits that it is a limited liability company with a principal place of business in New Jersey. Anobri denies the remaining allegations in Paragraph 14.

15.    On information and belief, this Court has personal jurisdiction over NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met: (a) Plaintiffs' claims arise under federal law; (b) NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. are foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. have sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products to be distributed throughout the United States, such that this Court's exercise of jurisdiction over NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. satisfies due process.

**ANSWER:**

Paragraph 15 contains conclusions of law for which no response is required. To the extent a response is required, denied.

16.    On information and belief, this Court also has jurisdiction over Defendants because, *inter alia*, this action arises from actions of Defendants directed toward New Jersey and because Defendants have purposefully availed themselves of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey. On information and belief,

Anobri Pharmaceuticals US, LLC has a principal place of business at One Gateway Center, Suite 2600, Newark, New Jersey 07102. On information and belief, Anobri Pharmaceuticals US, LLC amended its certificate of formation on July 23, 2021, to identify this address as the location of its principal office, and Anobri Pharmaceuticals US, LLC has since used this address in patent assignments recorded at the USPTO, including as recently as June 13, 2023. Anobri Pharmaceuticals US, LLC also represented to the USPTO that it was incorporated in New Jersey, at this address, during the time that Defendants were developing the ANDA Product.

**ANSWER:**

Paragraph 16 contains conclusions of law for which no response is required. To the extent a response is required, Anobri states that for the purposes of this civil action only, it does not contest personal jurisdiction, but denies that this Court has jurisdiction over Shanghai Anovent and Nanchang Anovent. Anobri admits that it has a principal place of business at business at One Gateway Center, Suite 2600, Newark, New Jersey 07102. Anobri admits that its certificate of formation was amended on July 23, 2021, to add this address as its principal office and that Anobri has used this address in patent assignments recorded at the USPTO as recently as June 13, 2023. Anobri admits that certain patent assignments filed with the USPTO inadvertently included incorrect corporate information and that corrective assignments have since been filed for Anobri's pending patent applications and issued patents. Anobri denies the remaining allegations in Paragraph 16.

17. On information and belief, Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture SPIRIVA® Respimat® for sale and use throughout the United States, including this Judicial District. On information and belief, Anobri Pharmaceuticals US, LLC has submitted, caused to be submitted, or aided and abetted in the preparation or submission of Defendants' ANDA, including activities undertaken from One Gateway Center, Suite 2600, Newark, New Jersey 07102. On information and belief, in the event that FDA approves Defendants' ANDA, Anobri Pharmaceuticals US, LLC, with the participation of NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd., intends to commercially manufacture, import, market, offer for sale, and sell the ANDA Product throughout the United States and in this Judicial District.

**ANSWER:**

Paragraph 17 contains conclusions of law for which no response is required. To the extent a response is required, Anobri states that for the purposes of this civil action only, it does not contest personal jurisdiction, but denies that this Court has jurisdiction over Shanghai Anovent and Nanchang Anovent. Anobri admits that Plaintiffs manufacture and sell SPIRIVA® Respimat® in the United States. Anobri admits that it submitted ANDA No. 216581 to FDA seeking approval to market and sell Anobri's ANDA Product within the United States.  Anobri admits that it will not commercially manufacture, market, offer for sale, and sell the product described in ANDA No. 216581 without FDA approval, but FDA approval is not the only condition upon which Anobri will commercially market its product.  Anobri will make a decision on whether it will commercially market its product once the FDA approves its ANDA in view of numerous factors, including the progress of this lawsuit. Anobri admits that activities relating to preparing and submitting ANDA No. 216581 were undertaken from One Gateway Center, Suite 2600, Newark, New Jersey 07102. Anobri admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri admits that filing ANDA No. 216581 with paragraph IV certifications to the '474, '264, '6,341, '967, '235, and '3,341 patents is an artificial act of infringement, but Anobri denies that there is any merit to Plaintiffs' substantive claims of infringement. Anobri denies the remaining allegations in Paragraph 17.

18.     At least because, on information and belief, Anobri Pharmaceuticals US, LLC has a regular and established place of business in New Jersey, committed act(s) of infringement in New Jersey, and is acting as the agent of NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd., venue is proper in this Judicial District as to Anobri Pharmaceuticals US, LLC pursuant to 28 U.S.C. § 1400(b).

**ANSWER:**

Paragraph 18 contains conclusions of law for which no response is required. To the extent

a response is required, Anobri admits that it does not contest venue for the purposes of this civil

action only. Anobri denies the remaining allegations in Paragraph 18.

19. At least because, on information and belief, NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. are foreign corporations, venue is proper in this Judicial District as to NanChang Anovent Pharmaceutical Co., Ltd. and Shanghai Anovent Pharmaceutical Co., Ltd. pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

**ANSWER:**

Paragraph 19 contains conclusions of law for which no response is required. To the extent

a response is required, Anobri denies the allegations in Paragraph 19.

## RESPONSES TO ALLEGATIONS PERTAINING TO PLAINTIFFS' APPROVED SPIRIVA® RESPIMAT® DRUG PRODUCT AND PATENTS-IN-SUIT

20. Plaintiffs make and sell SPIRIVA® Respimat®, a product that is used as an anticholinergic agent indicated for the long-term, once-daily, maintenance treatment of bronchospasm associated with chronic obstructive pulmonary disease (COPD), and for reducing COPD exacerbations. A true and correct copy of the prescribing label for SPIRIVA® Respimat® is attached hereto as Exhibit A.

**ANSWER:**

Anobri admits that Plaintiffs attached a document that appears to be prescribing

information for SPIRIVA RESPIMAT as Exhibit A to the Complaint. Anobri further admits that

SPIRIVA® Respimat® (tiotropium bromide inhalation spray) currently is described as an

anticholinergic indicated for the long-term, once-daily, maintenance treatment of bronchospasm

associated with chronic obstructive pulmonary disease (COPD), including chronic bronchitis and

emphysema; that SPIRIVA® Respimat® is indicated to reduce exacerbations in COPD patients;

and that SPIRIVA® Respimat® is not indicated for the relief of acute bronchospasm. For the

remaining allegations in Paragraph 20, Anobri is without knowledge or information sufficient to admit or deny such allegations, and therefore denies them.

21.     Boehringer Ingelheim Pharmaceuticals, Inc. is the holder of New Drug Application (NDA) No. 021936 for SPIRIVA® Respimat® and a licensee of the patents-in-suit. FDA first approved NDA No. 021936 for SPIRIVA® Respimat® in September 2014.

**ANSWER:**

Anobri admits that the United States Patent and Trademark Office ("USPTO")'s Patent Assignment database identifies Boehringer Ingelheim Pharmaceuticals, Inc. as the assignee of the patents-in-suit. Anobri admits that, according to FDA website Drugs@FDA, Boehringer Ingelheim Pharmaceuticals, Inc. is the holder of NDA No. 021936, which is sold under the trade name for SPIRIVA® Respimat®. Anobri further admits that FDA's Orange Book lists an approval date of SPIRIVA® Respimat®, 0.0025 mg base/inh, as September 2014. For the remaining allegations in Paragraph 21, Anobri is without knowledge or information sufficient to admit or deny such allegations, and therefore denies them.

22.     Boehringer Ingelheim International GmbH owns the '474 patent, which is listed in the Approved Drug Products With Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for SPIRIVA® Respimat®.

**ANSWER:**

Anobri admits that the '474 patent is listed in the Orange Book for SPIRIVA® Respimat®. Anobri further admits that the USPTO's Patent Assignment database identifies Boehringer Ingelheim International GmbH as the assignee of the '474 patent. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 22, and therefore denies same.

23.     The '474 patent is entitled "Piston-Pumping System having O-ring Seal Properties" and was duly and lawfully issued by the USPTO on October 23, 2007. The '474 patent is attached hereto as Exhibit B.

**ANSWER:**

Anobri admits that the '474 patent is titled "Piston-Pumping System having O-ring Seal Properties," and that it issued on October 23, 2007. Anobri admits that what purports to be a true and correct copy of the '474 patent is attached to the Complaint as Exhibit B. Anobri denies that the '474 patent was lawfully issued. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 23, and therefore denies same.

24.     Boehringer Ingelheim International GmbH owns the '264 patent, which is listed in the Orange Book for SPIRIVA® Respimat®.

**ANSWER:**

Anobri admits that the '264 patent is listed in the Orange Book for SPIRIVA® Respimat®. Anobri further admits that the USPTO's Patent Assignment database identifies Boehringer Ingelheim International GmbH as the assignee of the '264 patent. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 24, and therefore denies same.

25.     The '264 patent is entitled "Microstructured High Pressure Nozzle with Built-in Filter Function" and was duly and lawfully issued by the USPTO on March 1, 2011. The '264 patent is attached hereto as Exhibit C.

**ANSWER:**

Anobri admits that the '264 patent is titled "Microstructured High Pressure Nozzle with Built-in Filter Function," and that it issued on March 1, 2011. Anobri admits that what purports to be a true and correct copy of the '264 patent is attached to the Complaint as Exhibit C. Anobri denies that the '264 patent was lawfully issued. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 25, and therefore denies same.

26.     Boehringer Ingelheim International GmbH owns the '6,341 patent, which is listed in the Orange Book for SPIRIVA® Respimat®.

**ANSWER:**

Anobri admits that the '6,341 patent is listed in the Orange Book for SPIRIVA® Respimat®. Anobri further admits that the USPTO's Patent Assignment database identifies Boehringer Ingelheim International GmbH as the assignee of the '6,341 patent. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 26, and therefore denies same.

27.     The '6,341 patent is entitled "Blocking Device for a Locking Stressing Mechanism having a Spring-Actuated Output Drive Device" and was duly and lawfully issued by the USPTO on July 8, 2008. The '6,341 patent is attached hereto as Exhibit D.

**ANSWER:**

Anobri admits that the '6,341 patent is titled "Blocking Device for a Locking Stressing Mechanism having a Spring-Actuated Output Drive Device," and that it issued on July 8, 2008. Anobri admits that what purports to be a true and correct copy of the '6,341 patent is attached to the Complaint as Exhibit D. Anobri denies that the '6,341 patent was lawfully issued. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 27, and therefore denies same.

28.     Boehringer Ingelheim International GmbH owns the '967 patent, which is listed in the Orange Book for SPIRIVA® Respimat®.

**ANSWER:**

Anobri admits that the '967 patent is listed in the Orange Book for SPIRIVA® Respimat®. Anobri further admits that the face of the '967 patent identifies Boehringer Ingelheim International

GmbH as the assignee of the '967 patent. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 28, and therefore denies same.

29.     The '967 patent is entitled "Device for Clamping a Fluidic Component" and was duly and lawfully issued by the USPTO on May 12, 2015. The '967 patent is attached hereto as Exhibit E.

**ANSWER:**

Anobri admits that the '967 patent is titled "Device for Clamping a Fluidic Component," and that it issued on May 12, 2015. Anobri admits that what purports to be a true and correct copy of the '967 patent is attached to the Complaint as Exhibit E. Anobri denies that the '967 patent was lawfully issued. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 29, and therefore denies same.

30.     Boehringer Ingelheim International GmbH owns the '235 patent, which is listed in the Orange Book for SPIRIVA® Respimat®.

**ANSWER:**

Anobri admits that the '235 patent is listed in the Orange Book for SPIRIVA® Respimat®. Anobri further admits that the USPTO's Patent Assignment database identifies Boehringer Ingelheim International GmbH as the assignee of the '235 patent. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 30, and therefore denies same.

31.     The '235 patent is entitled "Device for Clamping a Fluidic Component" and was duly and lawfully issued by the USPTO on November 23, 2010. The '235 patent is attached hereto as Exhibit F.

**ANSWER:**

Anobri admits that the '235 patent is titled "Device for Clamping a Fluidic Component," and that it issued on November 23, 2010. Anobri admits that what purports to be a true and correct copy of the '235 patent is attached to the Complaint as Exhibit F. Anobri denies that the '235

patent was lawfully issued. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 31, and therefore denies same.

32.    Boehringer Ingelheim International GmbH owns the '3,341 patent, which is listed in the Orange Book for SPIRIVA® Respimat®.

**ANSWER:**

Anobri admits that the '3,341 patent is listed in the Orange Book for SPIRIVA® Respimat®. Anobri further admits that the USPTO's Patent Assignment database identifies Boehringer Ingelheim International GmbH as the assignee of the '3,341 patent. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 32, and therefore denies same.

33.    The '3,341 patent is entitled "Atomizer and Method of Atomizing Fluid with a Nozzle Rinsing Mechanism" and was duly and lawfully issued by the USPTO on May 27, 2014. The '3,341 patent is attached hereto as Exhibit G.

**ANSWER:**

Anobri admits that the '3,341 patent is titled "Atomizer and Method of Atomizing Fluid with a Nozzle Rinsing Mechanism," and that it issued on May 27, 2014. Anobri admits that what purports to be a true and correct copy of the '3,341 patent is attached to the Complaint as Exhibit G. Anobri denies that the '3,341 patent was lawfully issued. Anobri is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 33, and therefore denies same.

### RESPONSES TO ALLEGATIONS PERTAINING TO DEFENDANTS' ANDA

34.    On information and belief, Defendants have submitted or caused to be submitted Defendants' ANDA to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of tiotropium bromide inhalation spray as a purported generic version of SPIRIVA® Respimat® prior to the expiration of the patents-in-suit.

**ANSWER:**

Anobri admits that it has submitted ANDA No. 216581 to FDA pursuant to 21 U.S.C. § 355(j), seeking approval to manufacture, use, sell, offer for sale, or import Anobri's ANDA Product prior to the expiration of the patents-in-suit. Anobri admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 34.

35.     On information and belief, on or about May 18, 2023, Defendants mailed Plaintiffs a letter regarding "notice and information required by 21 U.S.C. §§ 355(j)(2)(B)(i) and (ii)" ("Notice Letter"). The Notice Letter represented that Defendants had submitted to FDA Defendants' ANDA and a purported Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the product described in Defendants' ANDA before the expiration of the patents-in-suit, which are listed in the Orange Book for SPIRIVA® Respimat®. Hence, Defendants' purpose in submitting Defendants' ANDA is to manufacture and market the ANDA Product before the expiration of the patents-in-suit.

**ANSWER:**

Anobri admits that, pursuant to 21 U.S.C. §§ 355(j)(2)(B)(i) and (ii), it notified Plaintiffs through its Notice Letter that FDA deemed acceptable for filing Anobri's ANDA No. 216581 for Anobri's ANDA Product, through which Anobri seeks FDA approval to engage in the commercial manufacture, use, or sale of Anobri's ANDA Product before the expiration of the patents-in-suit. Anobri also admits that the patents-in-suit are listed in the Orange Book for SPIRIVA® Respimat® and that ANDA No. 216581 contains Paragraph IV certifications with regard to the patents-in-suit. Anobri denies the remaining allegations in Paragraph 35.

36.     The only dosage form referenced in Defendants' Notice Letter is tiotropium bromide inhalation spray, 2.5 mcg/actuation.

**ANSWER:**

Anobri refers to the Notice Letter for the contents thereof, except to state that the allegations inconsistent with the express terms of the document are denied. Anobri denies the remaining allegations in Paragraph 36.

37.    Defendants' Notice Letter contained a purported detailed statement of the factual and legal bases for Defendants' Paragraph IV certification ("Detailed Statement").

**ANSWER:**

Anobri admits that its Notice Letter contains a detailed statement of the factual and legal bases for Anobri's Paragraph IV certification pursuant to Section 505(j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act, and refers to the Notice Letter for the contents thereof, except to state that the allegations inconsistent with the express terms of the document are denied. Anobri denies the remaining allegations in Paragraph 37.

38.    The Detailed Statement conclusorily alleges that the '474 patent will not be infringed by the commercial manufacture, use, or sale of the ANDA Product.

**ANSWER:**

Anobri admits that its Notice Letter contains a detailed statement of the factual and legal bases for Anobri's Paragraph IV certification pursuant to Section 505(j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act, including for non-infringement of the '474 patent, and refers to the Notice Letter for the contents thereof, except to state that the allegations inconsistent with the express terms of the document are denied. Anobri denies the remaining allegations in Paragraph 38.

39.    The Detailed Statement conclusorily alleges that the '264 patent will not be infringed by the commercial manufacture, use, or sale of the ANDA Product.

**ANSWER:**

Anobri admits that its Notice Letter contains a detailed statement of the factual and legal bases for Anobri's Paragraph IV certification pursuant to Section 505(j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act, including for non-infringement of the '264 patent, and refers to the Notice Letter for the contents thereof, except to state that the allegations inconsistent with the express terms of the document are denied. Anobri denies the remaining allegations in Paragraph 39.

40.    The Detailed Statement conclusorily alleges that the '6,341 patent will not be infringed by the commercial manufacture, use, or sale of the ANDA Product.

**ANSWER:**

Anobri admits that its Notice Letter contains a detailed statement of the factual and legal bases for Anobri's Paragraph IV certification pursuant to Section 505(j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act, including for non-infringement of the '6,341 patent, and refers to the Notice Letter for the contents thereof, except to state that the allegations inconsistent with the express terms of the document are denied. Anobri denies the remaining allegations in Paragraph 40.

41.    The Detailed Statement alleges that the '967 patent is invalid.

**ANSWER:**

Anobri admits that its Notice Letter contains a detailed statement of the factual and legal bases for Anobri's Paragraph IV certification pursuant to Section 505(j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act, including for invalidity of the '967 patent, and refers to the Notice Letter for the contents thereof, except to state that the allegations inconsistent with the

express terms of the document are denied. Anobri denies the remaining allegations in Paragraph

41.

42.     The Detailed Statement alleges that the '235 patent is invalid.

**ANSWER:**

Anobri admits that its Notice Letter contains a detailed statement of the factual and legal

bases for Anobri's Paragraph IV certification pursuant to Section 505(j)(2)(B)(i)-(iv) of the

Federal Food, Drug, and Cosmetic Act, including for invalidity of the '235 patent, and refers to

the Notice Letter for the contents thereof, except to state that the allegations inconsistent with the

express terms of the document are denied. Anobri denies the remaining allegations in Paragraph

42.

43.     The Detailed Statement conclusorily alleges that the '3,341 patent will not be
infringed by the commercial manufacture, use, or sale of the ANDA Product.

**ANSWER:**

Anobri admits that its Notice Letter contains a detailed statement of the factual and legal

bases for Anobri's Paragraph IV certification pursuant to Section 505(j)(2)(B)(i)-(iv) of the

Federal Food, Drug, and Cosmetic Act, including for non-infringement of the '3,341 patent, and

refers to the Notice Letter for the contents thereof, except to state that the allegations inconsistent

with the express terms of the document are denied. Anobri denies the remaining allegations in

Paragraph 43.

44.     Defendants' Notice Letter contained a purported offer of confidential access
("Defendants' Offer"). Defendants' Offer did not permit any of Plaintiffs' in-house attorneys to
access Defendants' ANDA. Defendants' Offer also did not permit scientific consultants to access
Defendants' ANDA. In addition, Defendants' Offer contained provisions that unreasonably
restricted counsel receiving access to Defendants' ANDA. The restrictions that Defendants' Offer
placed on access to Defendants' ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states
that an offer of confidential access "shall contain such restrictions as to persons entitled to access,
and on the use and disposition of any information accessed, as would apply had a protective order

been entered for the purpose of protecting trade secrets and other confidential business information." Outside counsel for Plaintiffs negotiated in good faith with counsel for Defendants and were ultimately able to reach agreement on the terms of confidential access to Defendants' ANDA. Following that agreement, however, Defendants produced only limited information about the proposed inhaler from Defendants' ANDA and unreasonably refused to produce other portions of Defendants' ANDA. Defendants also unreasonably refused to provide samples of the proposed inhaler. Defendants further unreasonably objected to a scientific consultant identified by Plaintiffs. Defendants thus have not provided reasonable access to Defendants' ANDA, and Defendants' actions have impeded Plaintiffs' ability to evaluate Defendants' contentions that the proposed inhaler does not infringe certain of the patents-in-suit.

**ANSWER:**

Anobri refers to the written documents for their contents thereof, the terms of which speak for themselves, except to state that the allegations inconsistent with the express terms of the documents are denied. Anobri admits that its Notice Letter contained an offer of confidential access, in accordance with 21 U.S.C. § 355(j)(5)(C)(i)(III). Anobri further admits that negotiations of the offer occurred between Anobri's counsel and Plaintiffs' counsel. Anobri further admits that Plaintiffs fully accepted the offer, constituting a binding and enforceable agreement. Anobri further admits that the mutual agreement about the confidential access contains a clause requiring Plaintiffs to identify the scientific consultants for approval, for which Anobri can object if a notice is given within a five-day window. Anobri further admits that Plaintiffs identified a sole scientific consultant whose company directly competes with Anobri, and Anobri raised an objection within the five-day window. Anobri denies the remaining allegations in Paragraph 44.

45.     On information and belief, Defendants have participated in the preparation and submission of Defendants' ANDA, have provided material support to the preparation and submission of Defendants' ANDA, and intend to support the further prosecution of Defendants' ANDA.

**ANSWER:**

Anobri admits that it prepared and submitted ANDA No. 216581 to FDA. Anobri admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No.

216581. Anobri admits that it is seeking FDA approval of ANDA No. 216581 and does not presently know what further support may be needed from Shanghai Anovent and Nanchang Anovent in prosecuting ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 45.

46.    On information and belief, if FDA approves Defendants' ANDA, Defendants will manufacture, offer for sale, or sell the ANDA Product within the United States, including within New Jersey, or will import the ANDA Product into the United States, including New Jersey.

**ANSWER:**

Anobri admits that it will not commercially manufacture, market, offer for sale, and sell the product described in ANDA No. 216581 without FDA approval, but FDA approval is not the only condition upon which Anobri will commercially market its product.  Anobri will make a decision on whether it will commercially market its product once the FDA approves its ANDA in view of numerous factors, including the progress of this lawsuit. To the extent there are additional allegations in Paragraph 46 not addressed by the foregoing, Anobri denies the remaining allegations in Paragraph 46.

47.    Alternatively, on information and belief, if FDA approves Defendants' ANDA, Defendants will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Product within the United States, including within New Jersey, or will import the ANDA Product into the United States, including New Jersey. On information and belief, Defendants' ANDA Product is especially adapted for a use that infringes one or more claims of the patents-in-suit and there is no substantial noninfringing use for Defendants' ANDA Product.

**ANSWER:**

Anobri admits that it will not commercially manufacture, market, offer for sale, and sell the product described in ANDA No. 216581 without FDA approval, but FDA approval is not the only condition upon which Anobri will commercially market its product.  Anobri will make a decision on whether it will commercially market its product once the FDA approves its ANDA in view of numerous factors, including the progress of this lawsuit. Anobri denies that its ANDA

Product is especially adapted for a use that infringes one or more claims of the patents-in-suit and denies that there is no substantial noninfringing use for its ANDA Product. To the extent there are additional allegations in Paragraph 47 not addressed by the foregoing, Anobri denies the remaining allegations in Paragraph 47.

48.     This action is being filed within forty-five days of Plaintiffs' receipt of the Notice Letter, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**ANSWER:**

Admitted.

### RESPONSES TO ALLEGATIONS PERTAINING TO COUNT I INFRINGEMENT OF THE '474 PATENT

49.     Plaintiffs incorporate by reference paragraphs 1–48 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

50.     On information and belief, Defendants have submitted or caused the submission of Defendants' ANDA to FDA and continue to seek FDA approval of Defendants' ANDA.

**ANSWER:**

Anobri admits that it has submitted ANDA No. 216581 to FDA and continues to seek FDA approval of Anobri's ANDA No. 216581. Anobri also admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 50.

51.     Defendants have infringed the '474 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Defendants' ANDA with a Paragraph IV certification and seeking FDA approval of Defendants' ANDA prior to the expiration of the '474 patent.

**ANSWER:**

Denied.

52.     On information and belief, if Defendants' ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, import, or otherwise distribute the ANDA Product in the United States, including in the State of New Jersey, directly infringing one or more claims of the '474 patent.

**ANSWER:**

Denied.

53.     Defendants' commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to the infringement of the '474 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 216581, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '474 patent.

**ANSWER:**

Denied.

54.     Defendants had actual knowledge of the '474 patent prior to submitting Defendants' ANDA and were aware that the submission of Defendants' ANDA with the request for FDA approval prior to the expiration of the '474 patent would constitute an act of infringement of the '474 patent. Defendants had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not directly infringe, contribute to the infringement of, and/or induce the infringement of the '474 patent.

**ANSWER:**

Anobri admits that it had knowledge of the '474 patent before the submission of Anobri's

ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 54.

55.     In addition, Defendants submitted Defendants' ANDA without adequate justification for asserting the '474 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '474 patent thus renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Denied.

56.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '474 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Denied.

### RESPONSES TO ALLEGATIONS PERTAINING TO COUNT II INFRINGEMENT OF THE '264 PATENT

57.     Plaintiffs incorporate by reference paragraphs 1–56 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

58.     On information and belief, Defendants have submitted or caused the submission of Defendants' ANDA to FDA and continue to seek FDA approval of Defendants' ANDA.

**ANSWER:**

Anobri admits that it submitted ANDA No. 216581 to FDA and continues to seek FDA approval of Anobri's ANDA No. 216581. Anobri also admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 58.

59.     Defendants have infringed the '264 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Defendants' ANDA with a Paragraph IV certification and seeking FDA approval of Defendants' ANDA prior to the expiration of the '264 patent.

**ANSWER:**

Denied.

60.     On information and belief, if Defendants' ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, import, or otherwise distribute the ANDA Product in the United States, including in the State of New Jersey, directly infringing one or more claims of the '264 patent.

**ANSWER:**

Denied.

61.     Defendants' commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to the infringement of the '264 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 216581, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '264 patent.

**ANSWER:**

Denied.

62.     Defendants had actual knowledge of the '264 patent prior to submitting Defendants' ANDA and were aware that the submission of Defendants' ANDA with the request for FDA approval prior to the expiration of the '264 patent would constitute an act of infringement of the '264 patent. Defendants had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not directly infringe, contribute to the infringement of, and/or induce the infringement of the '264 patent.

**ANSWER:**

Anobri admits that it had knowledge of the '264 patent before the submission of Anobri's

ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 62.

63.     In addition, Defendants submitted Defendants' ANDA without adequate justification for asserting the '264 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '264 patent thus renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Denied.

64.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '264 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Denied.

## RESPONSES TO ALLEGATIONS PERTAINING TO
## COUNT III INFRINGEMENT OF THE '6,341 PATENT

65.     Plaintiffs incorporate by reference paragraphs 1–64 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

66.     On information and belief, Defendants have submitted or caused the submission of Defendants' ANDA to FDA and continue to seek FDA approval of Defendants' ANDA.

**ANSWER:**

Anobri admits that it submitted ANDA No. 216581 to FDA and continues to seek FDA approval of Anobri's ANDA No. 216581. Anobri also admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 66.

67.     Defendants have infringed the '6,341 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Defendants' ANDA with a Paragraph IV certification and seeking FDA approval of Defendants' ANDA prior to the expiration of the '6,341 patent.

**ANSWER:**

Denied.

68.     On information and belief, if Defendants' ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, import, or otherwise distribute the ANDA Product in the United States, including in the State of New Jersey, directly infringing one or more claims of the '6,341 patent.

**ANSWER:**

Denied.

69.     Defendants' commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to the infringement of the '6,341 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 216581, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '6,341 patent.

**ANSWER:**

Denied.

70.     Defendants had actual knowledge of the '6,341 patent prior to submitting Defendants' ANDA and were aware that the submission of Defendants' ANDA with the request for FDA approval prior to the expiration of the '6,341 patent would constitute an act of infringement of the '6,341 patent. Defendants had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not directly infringe, contribute to the infringement of, and/or induce the infringement of the '6,341 patent.

**ANSWER:**

Anobri admits that it had knowledge of the '6,341 patent before the submission of Anobri's

ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 70.

71.     In addition, Defendants submitted Defendants' ANDA without adequate justification for asserting the '6,341 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '6,341 patent thus renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Denied.

72.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '6,341 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Denied.

## RESPONSES TO ALLEGATIONS PERTAINING TO
## COUNT IV INFRINGEMENT OF THE '967 PATENT

73.     Plaintiffs incorporate by reference paragraphs 1–72 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

74.     On information and belief, Defendants have submitted or caused the submission of Defendants' ANDA to FDA and continue to seek FDA approval of Defendants' ANDA.

**ANSWER:**

Anobri admits that it submitted ANDA No. 216581 to FDA and continues to seek FDA approval of Anobri's ANDA No. 216581. Anobri also admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 74.

75.     Defendants have infringed the '967 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Defendants' ANDA with a Paragraph IV certification and seeking FDA approval of Defendants' ANDA prior to the expiration of the '967 patent.

**ANSWER:**

Denied.

76.     On information and belief, if Defendants' ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, import, or otherwise distribute the ANDA Product in the United States, including in the State of New Jersey, directly infringing one or more claims of the '967 patent.

**ANSWER:**

Denied.

77.     Defendants' commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to the infringement of the '967 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 216581, Defendants will make, use, offer to sell, or sell the ANDA Product within

the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '967 patent.

**ANSWER:**

Denied.

78.    Defendants had actual knowledge of the '967 patent prior to submitting Defendants' ANDA and were aware that the submission of Defendants' ANDA with the request for FDA approval prior to the expiration of the '967 patent would constitute an act of infringement of the '967 patent. Defendants had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not directly infringe, contribute to the infringement of, and/or induce the infringement of the '967 patent.

**ANSWER:**

Anobri admits that it had knowledge of the '967 patent before the submission of Anobri's

ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 78.

79.    In addition, Defendants submitted Defendants' ANDA without adequate justification for asserting the '967 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '967 patent thus renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Denied.

80.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '967 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Denied.

## RESPONSES TO ALLEGATIONS PERTAINING TO COUNT V INFRINGEMENT OF THE '235 PATENT

81.    Plaintiffs incorporate by reference paragraphs 1–80 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

82.     On information and belief, Defendants have submitted or caused the submission of Defendants' ANDA to FDA and continue to seek FDA approval of Defendants' ANDA.

**ANSWER:**

Anobri admits that it submitted ANDA No. 216581 to FDA and continues to seek FDA approval of Anobri's ANDA No. 216581. Anobri also admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 82.

83.     Defendants have infringed the '235 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Defendants' ANDA with a Paragraph IV certification and seeking FDA approval of Defendants' ANDA prior to the expiration of the '235 patent.

**ANSWER:**

Denied.

84.     On information and belief, if Defendants' ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, import, or otherwise distribute the ANDA Product in the United States, including in the State of New Jersey, directly infringing one or more claims of the '235 patent.

**ANSWER:**

Denied.

85.     Defendants' commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to the infringement of the '235 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 216581, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '235 patent.

**ANSWER:**

    Denied.

    86.    Defendants had actual knowledge of the '235 patent prior to submitting Defendants' ANDA and was aware that the submission of Defendants' ANDA with the request for FDA approval prior to the expiration of the '235 patent would constitute an act of infringement of the '235 patent. Defendants had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not directly infringe, contribute to the infringement of, and/or induce the infringement of the '235 patent.

**ANSWER:**

    Anobri admits that it had knowledge of the '235 patent before the submission of Anobri's

ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 86.

    87.    In addition, Defendants submitted Defendants' ANDA without adequate justification for asserting the '235 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '235 patent thus renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

    Denied.

    88.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '235 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

    Denied.

**RESPONSES TO ALLEGATIONS PERTAINING TO
COUNT VI INFRINGEMENT OF THE '3,341 PATENT**

    89.    Plaintiffs incorporate by reference paragraphs 1–88 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

90.     On information and belief, Defendants have submitted or caused the submission of Defendants' ANDA to FDA and continue to seek FDA approval of Defendants' ANDA.

**ANSWER:**

Anobri admits that it submitted ANDA No. 216581 to FDA and continues to seek FDA approval of Anobri's ANDA No. 216581. Anobri also admits that Shanghai Anovent and Nanchang Anovent were involved in the preparation of ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 90.

91.     Defendants have infringed the '3,341 patent under 35 U.S.C. § 271(e)(2)(A) by submitting Defendants' ANDA with a Paragraph IV certification and seeking FDA approval of Defendants' ANDA prior to the expiration of the '3,341 patent.

**ANSWER:**

Denied.

92.     On information and belief, if Defendants' ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, import, or otherwise distribute the ANDA Product in the United States, including in the State of New Jersey, directly infringing one or more claims of the '3,341 patent.

**ANSWER:**

Denied.

93.     Defendants' commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to the infringement of the '3,341 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 216581, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '3,341 patent.

**ANSWER:**

Denied.

94.     Defendants had actual knowledge of the '3,341 patent prior to submitting Defendants' ANDA and were aware that the submission of Defendants' ANDA with the request for FDA approval prior to the expiration of the '3,341 patent would constitute an act of infringement of the '3,341 patent. Defendants had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not directly infringe, contribute to the infringement of, and/or induce the infringement of the '3,341 patent.

**ANSWER:**

Anobri admits that it had knowledge of the '3,341 patent before the submission of Anobri's

ANDA No. 216581. Anobri denies the remaining allegations in Paragraph 94.

95.     In addition, Defendants submitted Defendants' ANDA without adequate justification for asserting the '3,341 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '3,341 patent thus renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Denied.

96.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '3,341 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Denied.

**RESPONSES TO ALLEGATIONS PERTAINING TO COUNT VII DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '474 PATENT**

97.     Plaintiffs incorporate by reference paragraphs 1–96 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

98.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Denied.

99.     On information and belief, if Defendants' ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Defendants and their affiliates.

**ANSWER:**

Denied.

100.     On information and belief, Defendants know that healthcare professionals or patients will use the ANDA Product in accordance with the labeling sought by Defendants' ANDA, and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '474 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

101.     On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after FDA approves Defendants' ANDA. Any such conduct before the '474 patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '474 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

102.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '474 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

 Denied.

 103. Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

 Denied.

 104. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

 Denied.

## <u>RESPONSES TO ALLEGATIONS PERTAINING TO COUNT VIII DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '264 PATENT</u>

 105. Plaintiffs incorporate by reference paragraphs 1–104 as if fully set forth herein.

**ANSWER:**

 Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

 106. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

 Denied.

 107. On information and belief, if Defendants' ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Defendants and their affiliates.

**ANSWER:**

 Denied.

108.    On information and belief, Defendants know that healthcare professionals or patients will use the ANDA Product in accordance with the labeling sought by Defendants' ANDA, and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '264 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

109.    On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after FDA approves Defendants' ANDA. Any such conduct before the '264 patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '264 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

110.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '264 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Denied.

111.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Denied.

112.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Denied.

## RESPONSES TO ALLEGATIONS PERTAINING TO COUNT IX DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '6,341 PATENT

113.    Plaintiffs incorporate by reference paragraphs 1–112 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

114.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Denied.

115.    On information and belief, if Defendants' ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Defendants and their affiliates.

**ANSWER:**

Denied.

116.    On information and belief, Defendants know that healthcare professionals or patients will use the ANDA Product in accordance with the labeling sought by Defendants' ANDA, and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '6,341 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

117.    On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after FDA approves Defendants' ANDA. Any such conduct before the '6,341 patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '6,341 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

118.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '6,341 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Denied.

119.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Denied.

120.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Denied.

**RESPONSES TO ALLEGATIONS PERTAINING TO COUNT X DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '967 PATENT**

121.    Plaintiffs incorporate by reference paragraphs 1–120 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

122.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Denied.

123.    On information and belief, if Defendants' ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Defendants and their affiliates.

**ANSWER:**

Denied.

124.     On information and belief, Defendants know that healthcare professionals or patients will use the ANDA Product in accordance with the labeling sought by Defendants' ANDA, and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '967 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

125.     On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after FDA approves Defendants' ANDA. Any such conduct before the '967 patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '967 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

126.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '967 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Denied.

127.     Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Denied.

128.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Denied.

### RESPONSES TO ALLEGATIONS PERTAINING TO COUNT XI DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '235 PATENT

129.    Plaintiffs incorporate by reference paragraphs 1–128 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing

paragraphs of the Complaint as if fully set forth herein.

130.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Denied.

131.    On information and belief, if Defendants' ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Defendants and their affiliates.

**ANSWER:**

Denied.

132.    On information and belief, Defendants know that healthcare professionals or patients will use the ANDA Product in accordance with the labeling sought by Defendants' ANDA, and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '235 patent under one or more of 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:**

Denied.

133.    On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after FDA approves Defendants' ANDA. Any such conduct before the '235 patent expires will contribute to the infringement of and/or induce the infringement

of one or more claims of the '235 patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

**ANSWER:**

Denied.

134.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '235 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Denied.

135.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Denied.

136.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Denied.

### RESPONSES TO ALLEGATIONS PERTAINING TO COUNT XII DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '3,341 PATENT

137.    Plaintiffs incorporate by reference paragraphs 1–136 as if fully set forth herein.

**ANSWER:**

Anobri repeats and incorporates by reference the responses to each of the foregoing

paragraphs of the Complaint as if fully set forth herein.

138.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Denied.

139.    On information and belief, if Defendants' ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Defendants and their affiliates.

**ANSWER:**

Denied.

140.    On information and belief, Defendants know that healthcare professionals or patients will use the ANDA Product in accordance with the labeling sought by Defendants' ANDA, and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '3,341 patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

**ANSWER:**

Denied.

141.    On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after FDA approves Defendants' ANDA. Any such conduct before the '3,341 patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '3,341 patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

**ANSWER:**

Denied.

142.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the '3,341 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Denied.

143.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Denied.

144.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Denied.

## RESPONSE TO PRAYER FOR RELIEF

Anobri denies that Plaintiffs are entitled to the judgment or other relief prayed for in subparagraphs A – I under the heading "PRAYER FOR RELIEF" in the Complaint.

\* \* \*

Any allegation in the Complaint and documents purported to be incorporated therein not specifically admitted in the paragraphs above is denied.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiffs' burdens of proof on their affirmative claims against Anobri, and reserving its rights to assert additional defenses, Anobri asserts the following defenses to the Complaint.

### DEFENSE NO. 1

Plaintiffs fail to state a claim upon which relief can be granted.

### DEFENSE NO. 2

Plaintiffs fail to state any facts to support any claim upon which relief can be granted.

### DEFENSE NO. 3

Each asserted claim of the '474, '264, '6,341, '967, '235, and '3,341 patents is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code,

including without limitation, §§ 101, 102, 103 and/or 112, as well as judicially created conditions for patentability, including obviousness-type double patenting.

## DEFENSE NO. 4

Anobri has not infringed, induced infringement of, or contributed to the infringement of, and Anobri will not infringe, induce infringement of, or contribute to the infringement of, either literally or under the doctrine of equivalents, any valid and enforceable asserted claim of the '474, '264, '6,341, '967, '235, and '3,341 patents.

## DEFENSE NO. 5

Plaintiffs are not entitled to seek injunctive relief against Anobri because the alleged harm is not immediate or irreparable, and therefore Plaintiffs have an adequate remedy at law.

## DEFENSE NO. 6

Plaintiffs are not entitled to attorneys' fees against Anobri because Plaintiffs have not sufficiently alleged, and cannot prove, that this is an exceptional case under 35 U.S.C. § 285.

## DEFENSE NO. 7

35 U.S.C. § 288 prevents Plaintiffs from recovering any costs associated with this action.

## DEFENSE NO. 8

Anobri denies that Plaintiffs are entitled to any relief sought in their Prayer for Relief requested in their Complaint.

## <u>COUNTERCLAIMS</u>

Counterclaim Plaintiff Anobri Pharmaceuticals US, LLC ("Counterclaim Plaintiff" or "Anobri"), for its Counterclaims against Counterclaim Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim International GmbH (collectively, "Counterclaim Defendants"), alleges and avers as follows:

## THE PARTIES

1.      Counterclaim Plaintiff Anobri is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at One Gateway Center, Suite 2600, Newark, New Jersey 07102.

2.      Upon information and belief based upon the allegations in the Complaint, Counterclaim Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

3.      Upon information and belief based upon the allegations in the Complaint, Counterclaim Defendant Boehringer Ingelheim International GmbH is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

## JURISDICTION AND VENUE

4.      This is an action for a declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

5.      There is an actual controversy between Counterclaim Plaintiff and Counterclaim Defendants arising under the United States Patent Laws, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Counterclaim Defendants, at least because they voluntarily filed the Complaint asserting claims to which these Counterclaims are directed in this Court.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

9.      Counterclaim Plaintiff hereby incorporates each response to each of the foregoing paragraphs of the Complaint, and the foregoing Paragraphs 1-8 of the Counterclaims, as if fully stated herein.

10.     Counterclaim Defendants filed the Complaint in this Court against Counterclaim Plaintiff alleging that the filing of Anobri's ANDA No. 216581 infringed the'474, '264, '6,341, '967, '235, and '3,341 patents, and that any commercial manufacture, use, offer to sell, sale or import of the products which are the subject of that ANDA would infringe the'474, '264, '6,341, '967, '235, and '3,341 patents.

11.     An actual and justiciable controversy exists regarding the '474, '264, '6,341, '967, '235, and '3,341 patents by virtue of the filing of the Complaint by Counterclaim Defendants and as admitted by Counterclaim Defendants in the Complaint.

12.     Counterclaim Plaintiff requires an immediate declaration of their rights vis-á-vis the Counterclaim Defendants with respect to the products which are the subject of Anobri's ANDA No. 216581 and the '474, '264, '6,341, '967, '235, and '3,341 patents.

## FIRST COUNTERCLAIM

13.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-12 of the Counterclaims as if fully set forth herein.

14.     Each and every asserted claim of the '474 patent is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation, §§ 101, 102, 103 and/or 112, as well as judicially created conditions for patentability.

15.     Counterclaim Plaintiff is entitled to a judicial declaration that the asserted claims of the '474 patent are invalid.

## SECOND COUNTERCLAIM

16.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-15 of the Counterclaims as if fully set forth herein.

17.     Counterclaim Plaintiff has not infringed, induced infringement, or contributed to the infringement, and Anobri will not infringe, induce infringement, or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable asserted claim of the '474 patent.

18.     Counterclaim Plaintiff is entitled to a judicial declaration that manufacture, use, sale, offer for sale, or importation of the product that is the subject of Anobri's ANDA No. 216581 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of  the '474 patent.

## THIRD COUNTERCLAIM

19.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-18 of the Counterclaims as if fully set forth herein.

20.     Each and every asserted claim of the '264 patent is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation,  §§ 101, 102, 103 and/or 112, as well as judicially created conditions for patentability.

21.     Counterclaim Plaintiff is entitled to a judicial declaration that the asserted claims of the '264 patent are invalid.

## FOURTH COUNTERCLAIM

22.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-21 of the Counterclaims as if fully set forth herein.

23.     Counterclaim Plaintiff has not infringed, induced infringement, or contributed to the infringement, and Anobri will not infringe, induce infringement, or contribute to the

infringement, either literally or under the doctrine of equivalents, of any valid and enforceable asserted claim of the '264 patent.

24.     Counterclaim Plaintiff is entitled to a judicial declaration that manufacture, use, sale, offer for sale, or importation of the product that is the subject of Anobri's ANDA No. 216581 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of the '264 patent.

### FIFTH COUNTERCLAIM

25.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-24 of the Counterclaims as if fully set forth herein.

26.     Each and every asserted claim of the '6,341 patent is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation,  §§ 101, 102, 103 and/or 112, as well as judicially created conditions for patentability.

27.     Counterclaim Plaintiff is entitled to a judicial declaration that the asserted claims of the '6,341 patent are invalid.

### SIXTH COUNTERCLAIM

28.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-27 of the Counterclaims as if fully set forth herein.

29.     Counterclaim Plaintiff has not infringed, induced infringement, or contributed to the infringement, and Anobri will not infringe, induce infringement, or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable asserted claim of the '6,341 patent.

30.     Counterclaim Plaintiff is entitled to a judicial declaration that manufacture, use, sale, offer for sale, or importation of the product that is the subject of Anobri's ANDA No. 216581

has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of the '6,341 patent.

## SEVENTH COUNTERCLAIM

31. Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-30 of the Counterclaims as if fully set forth herein.

32. Each and every asserted claim of the '967 patent is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation, §§ 101, 102, 103 and/or 112, as well as judicially created conditions for patentability.

33. Counterclaim Plaintiff is entitled to a judicial declaration that the asserted claims of the '967 patent are invalid.

## EIGHTH COUNTERCLAIM

34. Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-33 of the Counterclaims as if fully set forth herein.

35. Counterclaim Plaintiff has not infringed, induced infringement, or contributed to the infringement, and Anobri will not infringe, induce infringement, or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable asserted claim of the '967 patent.

36. Counterclaim Plaintiff is entitled to a judicial declaration that manufacture, use, sale, offer for sale, or importation of the product that is the subject of Anobri's ANDA No. 216581 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of the '967 patent.

## NINTH COUNTERCLAIM

37. Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-36 of the Counterclaims as if fully set forth herein.

38.     Each and every asserted claim of the '235 patent is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation,  §§ 101, 102, 103 and/or 112, as well as judicially created conditions for patentability.

39.     Counterclaim Plaintiff is entitled to a judicial declaration that the asserted claims of the '235 patent are invalid.

## TENTH COUNTERCLAIM

40.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-15 of the Counterclaims as if fully set forth herein.

41.     Counterclaim Plaintiff has not infringed, induced infringement, or contributed to the infringement, and Anobri will not infringe, induce infringement, or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable asserted claim of the '235 patent.

42.     Counterclaim Plaintiff is entitled to a judicial declaration that manufacture, use, sale, offer for sale, or importation of the product that is the subject of Anobri's ANDA No. 216581 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of  the '235 patent.

## ELEVENTH COUNTERCLAIM

43.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-42 of the Counterclaims as if fully set forth herein.

44.     Each and every asserted claim of the '3,341 patent is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation,  §§ 101, 102, 103 and/or 112, as well as judicially created conditions for patentability.

45.     Counterclaim Plaintiff is entitled to a judicial declaration that the asserted claims of the '3,341 patent are invalid.

## TWELFTH COUNTERCLAIM

46.     Counterclaim Plaintiff repeats and realleges the allegations contained in Paragraphs 1-45 of the Counterclaims as if fully set forth herein.

47.     Counterclaim Plaintiff has not infringed, induced infringement, or contributed to the infringement, and Anobri will not infringe, induce infringement, or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable asserted claim of the '3,341 patent.

48.     Counterclaim Plaintiff is entitled to a judicial declaration that manufacture, use, sale, offer for sale, or importation of the product that is the subject of Anobri's ANDA No. 216581 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of the '3,341 patent.

## REQUEST FOR RELIEF

**WHEREFORE**, Counterclaim Plaintiff Anobri respectfully requests that:

a)      Judgment be entered that the Complaint against Anobri is dismissed with prejudice and that Counterclaim Defendants take nothing thereby;

b)      Judgment be entered that the commercial manufacture, use, offer to sell, sale or import of the products which are subject of Anobri's ANDA No. 216581 do not and will not infringe any valid asserted claim of the '474, '264, '6,341, '967, '235, and '3,341 patents;

c)      Judgment be entered that each asserted claim of the '474, '264, '6,341, '967, '235, and '3,341 patents are invalid;

d)      The Court permanently enjoin Counterclaim Defendants or any of their assigns or successors from asserting that the commercial manufacture, use, offer to sell, sale or import of the products that are the subject of Anobri's ANDA No. 216581 infringe or will infringe any claim of the '474, '264, '6,341, '967, '235, and '3,341 patents;

e)      This case be deemed an exceptional case within the meaning of 35 U.S.C. § 285;

f)      Anobri be awarded its attorney's fees and costs; and

g)      The Court award Anobri such other and further relief as this Court may deem necessary, just, and proper.

Dated:  <u>October 16, 2023</u>                    Respectfully submitted,

                                                        <u>*/s Eric Abraham*</u>
                                                        Eric I. Abraham
                                                        **HILL WALLACK LLP**
                                                        21 Roszel Road
                                                        Princeton, NJ 08540
                                                        Telephone: (609) 924-0808
                                                        Facsimile: (609) 452-1888

                                                        <u>Of Counsel</u>:
                                                        Scott A. Cunning
                                                        Elizabeth M. Crompton
                                                        Yaou Ren
                                                        PARKER POE ADAMS & BERNSTEIN LLP
                                                        1400 K Street, Suite 1000
                                                        Washington, DC 20005

                                                        C. Kyle Musgrove
                                                        PARKER POE ADAMS & BERNSTEIN LLP
                                                        Bank of America Tower,
                                                        620 S. Tryon Street, Suite 800
                                                        Charlotte, NC 28202
                                                        (*pro hac vices* to be filed)

                                                        *Attorneys for Defendant*
                                                        *Anobri Pharmaceuticals US, LLC*